VERNON R. FULLER, Respondent, v. REGINALD HILL et al., Appellants.— Appeal from a judgment of the Supreme Court, Greene County. On a slippery winter day in February, 1950, plaintiff's sedan car was in collision with a tractor-trailer operated by defendant Hill. From the condition of the road; the conceded speed of defendant's vehicle of about thirty miles an hour; its sliding when the brakes were applied and other facts, the jury readily could have found Hill negligent. Plaintiff testified that he saw the tractor-trailer zigzag and that he went as far to the right as he could and stopped against a fence before he was struck. The accident, however, occurred on a curve according to the testimony of both drivers, and there is some evidence by admissions of plaintiff and from at least one impartial witness who observed the tracks attributed to plaintiff's car to suggest he was in the center of the road when coming around the curve. But the observations of the witnesses as to distance of the tire marks related to the center of the road and the place of the accident are given with so little precision as fairly to leave it open for the jury to say that even though plaintiff was in the center of the road before the accident he had pulled off and to his right long enough ahead of the collision to have stopped, as plaintiff claimed, before the impact, and hence that the previous position of the car in the road was not a factor of controlling importance in the collision. The extent and effect of plaintiff's purported admission to a trooper of having been in the center of the highway is likewise open to reasonably different inferences. We decide the verdict is not against the weight of the evidence on plaintiff's contributory negligence. Appellant Hill complains of the form of a hypothetical question propounded to a physician. Even if objectionable in form, the question was recast by the court before it was submitted to the witness and then not answered in the form propounded, but in another form based on the witness' own observation. Ultimately the answer was responsive to a question received without any objection, asking broadly for the witness' general explanation of his examination. The verdict of $2,500 is not excessive. Judgment unanimously affirmed, with costs against appellant Hill only. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.